Case 4:25-cv-05083-ACE    ECF No. 18    filed 01/21/26    PageID.3085    Page 1 of 15

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 21, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER P., | No. 4:25-CV-05083-ACE |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION |
| v. | |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, | ECF Nos. 11, 16 |
| Defendant. | |

**BEFORE THE COURT** is Plaintiff's Opening Brief and Defendant's Brief in response. ECF No. 11, 16. Attorney Chad L. Hatfield represents Plaintiff; Special Assistant United States Attorney Benjamin J. Groebner represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion; **DENIES** Defendant's Motion; and **REMANDS** the matter to the Commissioner for an immediate calculation of benefits pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) in December 2014, alleging onset of disability on December 16, 2014. Tr. 256, 263. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) R.J. Payne held a hearing on January 5, 2018, and issued an unfavorable decision on February 22, 2018.

On December 13, 2019, the matter was remanded for additional proceedings by Senior United States District Judge Edward F. Shea, Tr. 1220-1239, a new

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

administrative hearing was held, and ALJ Marie Palachuk issued an unfavorable decision on October 2, 2020, Tr. 1091-1108.

On January 20, 2022, the matter was again remanded for additional proceedings by Senior Judge Shea, Tr. 1684-1686 (stipulated remand), a new administrative hearing was held, and ALJ Marie Palachuk issued another unfavorable decision on February 8, 2023, Tr. 1560-1578.

On March 11, 2024, the undersigned remanded this matter for additional proceedings for a third time.  Tr. 2286-2308.

On April 29, 2024, ALJ Jesse Shumway held a new hearing.  On May 12, 2025, ALJ Shumway denied Plaintiff's DIB claim, denied Plaintiff's SSI claim prior to January 29, 2024, and granted Plaintiff's SSI claim beginning on January 29, 2024 (age category change).  Tr. 2171-2196.

Plaintiff filed the instant action for judicial review on July 7, 2025.  ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ.

*Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) that Plaintiff can perform other substantial gainful activity; and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On May 12, 2025, ALJ Shumway issued a decision finding Plaintiff was not disabled prior to January 29, 2024, but became disabled, as defined in the Social Security Act, beginning on January 29, 2024 (age category change). Tr. 2171-2196.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the December 16, 2014, alleged onset date. Tr. 2174.

At step two, the ALJ determined Plaintiff had the following severe impairments: obesity; fibromyalgia; left trigger thumb, status post surgical release; bilateral ulnar neuropathy, status post surgical releases; osteoarthritis of the bilateral hips, knees, and hands; sacralization of the L5 vertebra; depressive disorder; and anxiety disorder. *Id*.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 2175.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform sedentary work with the following additional limitations:

> she needs the option to use a cane when walking; she needs the option to stand at the workstation for one to two minutes after every hour of sitting; she could occasionally balance, stoop, and climb ramps and stairs; she could never kneel, crouch, crawl, or climb ladders, ropes, or scaffolds; she could frequently push, pull, reach, handle, finger, and feel with the upper extremities; she could occasionally use foot controls with the left lower extremity; she could have occasional exposure to extreme cold and heat, humidity, and pulmonary irritants; she could have no exposure to uneven terrain, vibration, or hazards (e.g., unprotected heights, moving mechanical parts); she could have occasional interaction with the public and supervisors; she could have occasional, superficial interaction with co-workers, with no collaborative tasks; and she would need a predictable work environment with no more than occasional changes.

Tr. 2178.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 2193.

At step five, the ALJ found that based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national

ORDER GRANTING PLAINTIFF'S MOTION . . . - 4

economy, including the jobs of document preparer and document addresser, prior to January 29, 2024. Tr. 2193-2194. The ALJ found that beginning on January 29, 2024, the date the claimant's age category changed, and considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in the national economy that Plaintiff can perform. Tr. 2195.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act before January 29, 2024, but became disabled on that date and has continued to be disabled through the date of the decision, May 12, 2025. Tr. 2195-2196.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff asserts the ALJ erred (1) in improperly evaluating the medical opinion evidence; (2) by failing to find Plaintiff disabled as meeting or equaling a listing; (3) in rejecting Plaintiff's subjective complaints; and (4) in failing to conduct an adequate analysis at step five. ECF No. 11 at 9.

## DISCUSSION

**A.     Medical Opinions**

Plaintiff first contends the ALJ erred by improperly evaluating the medical opinions of five medical providers. ECF No. 11 at 12-23. Defendant's cursory response asserts that while the record contains conflicting medical opinions necessitating a remand, there is reason, although not specifically explained by Defendant, to seriously doubt that Plaintiff is disabled. ECF No. 16 at 3. Defendant requests that the Court not award disability benefits and instead remand the matter for further administrative proceedings and a fifth ALJ decision. ECF No. 16.

///

*1. Jean You, M.D.*

The record reflects hundreds of pages of treatment records from Plaintiff's treating physician, Jean You, M.D., a chronic pain specialist, from 2014 on. During this time, Dr. You consistently found Plaintiff positive for more than 11 of 18 tender points and, consequently, has diagnosed her with fibromyalgia. Dr. You consistently indicated Plaintiff exhibited widespread tenderness over the fibromyalgia tender points and utilized a cane. Dr. You also noted chronic fatigue, exercise intolerance, and difficulty performing daily activities and has prescribed opiate medications for pain control.

On November 8, 2022, Dr. You provided a medical source statement indicating the following: (1) Plaintiff suffers from fibromyalgia, osteoarthritis of the right knee, and hip osteoporosis; (2) she suffers widespread pain, especially in the hip and knee, as well as fibromyalgia pain mostly in her fatty tissue areas, causing difficulty walking and sitting; (3) she must lie down and/or elevate her legs for 20-30 minutes per day upon completing regular activities and light housework; (4) she suffers from depression and anxiety; (5) regular and continuous work would result in deterioration and absenteeism occurring four days per month or more; (6) her functional capacity is between severely limited and sedentary work; (7) she is limited to frequent use of her upper extremities; (8) she would be off task and unproductive over 30% of the time during a 40-hour workweek; (9) her limitations have existed since at least December 2019; and (10) Dr. You's opinion is based on Plaintiff's subjective complaints and Dr. You's professional experience treating her for fibromyalgia for the past eight years. Tr. 2165-2167. On April 16, 2025, Dr. You provided a subsequent opinion that confirms her earlier opinions and notes that Plaintiff's limitations date back to November 2014. Tr. 2946-2948.

The ALJ accorded the November 8, 2022 and April 16, 2025 reports of Dr. You "partial weight," finding the check-box questionnaires provided no meaningful explanations of the limitations assessed and relied, "at least to a

significant extent," on Plaintiff's subjective allegations. Tr. 2187. The ALJ noted "Dr. You's near-decade of reports are unremarkable as a whole and repetitive in their detail, and her conclusion that the claimant would be off task and require four or more days off of work each month is only speculated and unsupported." Tr. 2187. The ALJ ventured that any of Plaintiff's medical visits could be accommodated on lunch breaks or during non-working hours.[1] *Id*.

First, because Defendant fails to mention Dr. You in briefing, Defendant apparently concedes that the ALJ erred by failing to properly evaluate her opinions. *See Stichting Pensioenfonds ABP v. Country Financial Corp.*, 802 F.Supp.2d 1125, 1132 (C.D. Cal. 2011) (finding, in most circumstances, that the failure to respond in an opposition brief to an argument put forward in an opening brief constitutes a waiver or abandonment in regard to the uncontested issue). Second, the rationale cited by the ALJ to discount Dr. You's opinions was previously rejected by this Court in the most recent remand order. *See* Tr. 2293-2295 (finding Dr. You's years of physical exams and assessment for fibromyalgia and osteoarthritis of the hip and knee show documentation of consistent findings

---

[1] There is no evidence of record to support the ALJ's opinion that Plaintiff would not need to be absent from work because her medical visits could be accommodated on lunch breaks or during non-working hours. It is well-settled that an ALJ may not arbitrarily substitute his own judgment for competent medical evidence. *See Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (It is improper for the ALJ to act as his own medical expert.); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) (An ALJ "must not succumb to the temptation to play doctor and make [his] own independent medical findings."); *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (As a lay person, an ALJ is "not at liberty to ignore medical evidence or substitute his own views for uncontroverted medical opinion.").

and there is no evidence Dr. You relied more on Plaintiff's subjective reports than her own physical exam findings and expertise in Plaintiff's condition). Finally, the undersigned concludes that the opinions of Dr. You are supported by her years of examination findings and the opinions of other medical professionals of record, discussed below, that demonstrate Plaintiff suffers fibromyalgia flares of severe pain at least one day per month.

The ALJ's rejection of the opinions of Dr. You is not supported by substantial evidence.

*2. James Opara, M.D.*[2]

James Opara, M.D., completed an examination of Plaintiff on August 1, 2015. Tr. 655-660. Dr. Opara opined that Plaintiff is limited to lifting/carrying 10 pounds, her standing/walking capacity is less than two hours in an eight-hour workday due to tenderness and limited motion of both hips, and the use of a cane is medically necessary. Tr. 659. Dr. Opara noted Plaintiff was in obvious painful discomfort, ambulated with the use of a cane and exhibited a duckling and antalgic gait, was unable to stand and bend down on her own, and exhibited decreased range of motion of her bilateral hips. Tr. 657-658.

The ALJ assigned Dr. Opara's opinion "significant weight," accepting that a cane is medically necessary at times for Plaintiff. Tr. 2188. However, the ALJ determined Plaintiff could stand and/or walk two hours total, not the less than two hours assessed by Dr. Opara. *Id*. The ALJ's rationale for rejecting Dr. Opara's "less than two hours" assessment was merely that Dr. Opara "did not elaborate how much less than two hours she could stand and/or walk." Tr. 2188.

Dr. Opara's opinion is supported by his review of treatment records, including imaging, and his own observations and findings on physical

---

[2]Defendant does not discuss Dr. Opara in the response briefing, *see Stichting Pensioenfonds ABP*, 802 F.Supp.2d at 1132.

examination. Upon physical exam, Dr. Opara observed that Plaintiff displayed "obvious painful discomfort," was "unable to walk or stand without the cane," and that she had a "duckling and antalgic gait" and "diminished range of motion of both hip joints." Tr. 656-658. Dr. Opara's opinion that Plaintiff's capacity to stand/walk was restricted to less than two hours in an eight-hour workday is fully supported, and the ALJ failed to provide a specific and legitimate reason supported by substantial evidence for rejecting Dr. Opara's opinion in this regard.

      *3. Medical Experts Pierko and Krishnamuathi*

At Plaintiff's initial administrative hearing on January 5, 2018, medical expert Dr. Eliza Pierko testified that Plaintiff's fibromyalgia would flare up one day a month or more. Tr. 63-64. At Plaintiff's September 2, 2020 administrative hearing, medical expert Subramaniam Krishnamuathi testified that Plaintiff's fibromyalgia pain would be worse some days than other days due to its waxing and waning nature. Tr. 1128. Defendant again fails to mention either medical professional in the briefing. *See Stichting Pensioenfonds ABP*, 802 F.Supp.2d at 1132.

The ALJ determined that the opinions of these medical professionals merit "significant weight" because they are supported by and consistent with the record. Tr. 2189. However, as asserted by Plaintiff, the ALJ did not include any allowance for absenteeism in the RFC determination based on an interpretation of their opinions regarding Plaintiff's documented fibromyalgia flare ups. ECF No. 11 at 21. The Court notes that while the opinions of Drs. Pierko and Krishnamuathi may be interpreted as suggesting absenteeism, the record does not reflect that these doctors specifically stated that Plaintiff would be absent from work one day a month or more due to fibromyalgia.

Although the Court finds the ALJ did not err with respect to Drs. Pierko and Krishnamuathi, the opinions of these doctors provide support for a finding that Plaintiff's fibromyalgia symptoms wax and wane and that she would experience

ORDER GRANTING PLAINTIFF'S MOTION . . . - 9

fare ups one day a month or more. A logical conclusion, consistent with the opinions of Dr. You and Dr. Amusa (*see infra*) is that one day or more of fibromyalgia pain flares per month would lead to absenteeism of at least one day per month.

    4. *Medical Expert Amusa*

At Plaintiff's April 29, 2025 administrative hearing, medical expert Kweli Amusa testified that due to flares of chronic pain, Plaintiff would be absent from work at least one day per month. Tr. 2227-2228 (opining Plaintiff's absenteeism "would not be less than one day per month, but, certainly, it could be more").

The ALJ accorded Dr. Amusa's opinion "great weight," but rejected Dr. Amusa's absenteeism opinion by finding there was "no evidence that her medical visits are so frequent or of long duration that they could not be accommodated on lunch breaks or during non-working hours." Tr. 2190-2191.

As discussed in footnote 1, above, there is simply no evidence of record to support the ALJ's opinion that Plaintiff's medical visits could be accommodated on lunch breaks or during non-working hours. This statement by the ALJ is pure conjecture. *See Green v. Apfel*, 204 F.3d 780, 782 (7th Cir. 2000) (A typical case of an ALJ impermissibly "playing doctor" is when the ALJ draws medical conclusions themselves about a claimant without relying on medical evidence.).

The ALJ has failed to provide a specific and legitimate reason supported by substantial evidence for rejecting Dr. Amusa's opinion that Plaintiff would be absent from work at least one day per month.

The Court finds the opinions of Drs. You, Opara, Pierko, Krishnamuathi, and Amusa, opinions which Defendant has failed to specifically challenge in briefing, demonstrate that Plaintiff's impairments during the relevant time period would cause her to be absent form work at least one day per month.

///

///

**B.     Step Five**

Plaintiff contends the ALJ's step five determination is flawed. ECF No. 11 at 28-30.

Plaintiff's first argument with respect to step five is that, pursuant to *Leitz v. Kijakazi*, 2023 WL 4342114 at *2 (9th Cir. July 5, 2023),[3] the ALJ's limitation of Plaintiff to occasional interaction with coworkers and supervisors bars all job training and, consequently, precludes all competitive employment. The undersigned does not agree with the proposition that a limitation to occasional interaction with supervisors is *per se* disabling. *See Justin P. v. O'Malley*, 2024 WL 1559545 at *7-8 (E.D. Wash. April 10, 2024) (the Court applied *Leitz* and determined that the ALJ did not err).

Nevertheless, the Court finds Plaintiff's second argument, that the ALJ relied on an incomplete hypothetical to the vocational expert, does have merit. When the opinions of the medical professionals discussed in Section A, above, are credited, greater limitations, including being absent from work more than five to eight days per year, would be included in Plaintiff's residual functional capacity determination. At the administrative hearing held on April 29, 2025, the vocational expert opined that being absent from work more than five to eight days per year would preclude all competitive employment. Tr. 2246-2247.

---

[3]In *Leitz*, the ALJ held that the claimant "can have brief, superficial interaction with co-workers and the public; and can have occasional interaction with supervisors (although additional time for training is acceptable)." *Leitz*, 2023 WL 4342114 at *2. The Ninth Circuit determined that the "training-period caveat" was not supported by the record, and that there was no evidence that the claimant's mental problems were "somehow alleviated during training periods because they are less likely to include supervisor interactions than other work periods, or that employers would be willing to tolerate her limitations during training periods." *Id*.

1   Based on the opinions of the medical professionals discussed above, coupled with the testimony of the vocational expert, the Court finds there is no work available with which Plaintiff could have performed. The ALJ erred at step five.

**C.    Symptom Claims**

Plaintiff contends the ALJ also erred by improperly rejecting Plaintiff's subjective complaints. ECF No. 11 at 25-28. Defendant, again, failed to specifically address Plaintiff's symptom claims assertion in the briefing.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews,* 53 F.3d at 1039. However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Here, the ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully supported. Tr. 2179. In assessing Plaintiff's subjective complaints, the ALJ found some objective medical findings conflicted with Plaintiff's allegations, Plaintiff's course of treatment was incompatible with her allegations, Plaintiff's statements were inconsistent with her allegations, and her assertion that "she lies down 90 percent of the time on any day she is home" is

///

inconsistent with the medical evidence of record.[4]  Tr. 2179-2193.  While some of these reasons for discounting Plaintiff's testimony may find support in the record, the undersigned finds substantial evidence, and specially the medical opinions discussed above, corroborate Plaintiff allegations of disabling limitations during the relevant time period.  This matter shall be remanded for an immediate calculation of benefits; therefore, the Court need not specifically address the issue of Plaintiff's subjective complaints.

### D.    Step Three

Plaintiff contends that the ALJ also erred at step three by failing to find that she meets or equals a listing based on the improperly rejected opinions of the medical providers discussed above.   ECF No. 11 at 23-25.  Defendant did not respond to the step three assertion.  Because the case is being remanded for an immediate calculation of benefits based on the Court's conclusion that the medical evidence of record demonstrates Plaintiff had disabling limitations during the relevant time period, *see supra*, the Court will not specifically address the step three issue raised by Plaintiff.

### CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is not supported by substantial evidence and not free of harmful error.  The Court has the discretion to remand the case for additional evidence and findings or to award benefits.  *Smolen*, 80 F.3d at 1292.  The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose.  *Id*.  Remand is appropriate when additional

---

[4]The ALJ incorrectly held that Plaintiff testified to lying down 90% of the time any day that she is home.  Tr. 2183-2184.  She actually testified to lying down or reclining 90% of the time on the two to three days per month when she suffers larger flare ups of her fibromyalgia.  Tr. 2237-2238.

administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the record is adequate for a proper determination to be made and further development is not necessary.

The Ninth Circuit has set forth a three part standard for determining when to credit improperly discounted evidence as true: (1) the record has been fully developed and further administrative proceedings would serve no purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting the evidence in question; and (3) if the improperly discredited evidence were credited as true the ALJ would be required to find Plaintiff eligible for benefits. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

In this case, all three parts of the standard are met. The record has been fully developed and further proceedings are not necessary. As discussed above, the ALJ improperly evaluated the opinions of several medical professionals. Therefore, the second prong of the credit-as-true rule is met. The third prong of the credit-as-true rule is satisfied because if the opinions of these medical professionals were credited as true, the ALJ would be required to find Plaintiff disabled. Finally, the record as a whole does not leave serious doubt as to whether Plaintiff was disabled during the relevant time period. *See Garrison*, 759 F.3d at 1021. The record reflects that Plaintiff had disabling limitations.

Moreover, the credit-as-true rule is a "prophylactic measure" designed to motivate the Commissioner to ensure that the record will be carefully assessed and to justify "equitable concerns" about the length of time which has elapsed since a claimant has filed their application. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (internal citations omitted). Here, Plaintiff filed for benefits in 2014, an ALJ has erred on four occasions by failing to properly evaluate the medical opinion evidence, and this is the fourth time the case has been before a reviewing court. It has been approximately eleven years since Plaintiff applied for benefits. Considering this delay and the harmful errors by the ALJs in

four prior decisions, it is appropriate for this Court to apply the "credit as true" doctrine pursuant to Ninth Circuit precedent and remand this case for an award of benefits.

Accordingly, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for an immediate calculation of benefits. **IT IS HEREBY ORDERED:**

1. Plaintiff's motion to reverse and remand for an immediate award of benefits, **ECF No. 11**, is **GRANTED**.

2. Defendant's motion to reverse and remand for additional proceedings, **ECF No. 16**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for an immediate calculation of benefits.

4. An application for attorney fees may be filed by separate motion.

**IT IS SO ORDERED**. The District Court Executive shall file this Order and provide copies to counsel. **Judgment shall be entered for Plaintiff and the file shall be CLOSED**.

DATED January 21, 2026.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE